# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LN MANAGEMENT LLC SERIES 7937 SIERRA RIM,

    Plaintiff(s),

v.

BENJAMIN T. PFEIFFER, et al.,

    Defendant(s).

2:13-CV-1934 JCM (PAL)

# ORDER

Presently before the court is a motion to dismiss filed by defendant CitiMortgage, Inc. ("CitiMortgage"). (Doc. # 9). Plaintiff LN Management LLC Series 7937 Sierra RIM ("LN Management") filed a response in opposition, (doc. # 11), and CitiMortgage filed a reply, (doc. # 12).

This case involves a dispute over a property that was subject to an HOA "super priority" lien. Plaintiff claims that it purchased the property at a HOA foreclosure sale, extinguishing defendant's deed of trust in the process.

Over the last several months, the court has become all too familiar with Nev. Rev. Stat. § 116.3116, which grants priority to portions of liens arising from delinquent HOA assessments. Countless cases have been filed in Nevada posing the question as to whether a foreclosure of an HOA's "super priority" interest extinguishes deeds of trust that predate the HOA lien.

Courts at both the state and federal levels disagree as to the correct interpretation of this

**James C. Mahan**
**U.S. District Judge**

1  provision. *See, e.g.*, *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 2013 WL 5780793 (D.
2  Nev. 2013) (holding that foreclosure of an HOA super priority lien extinguishes a deed of trust);
3  *LVDG Series 125 v. Welles*, 2013 WL 6175813 (D. Nev. 2013) (holding that a deed of trust is not
4  extinguished following the foreclosure of an HOA super priority lien).

5  Despite the numerous cases presenting this precise question that have been filed in state
6  courts, the Nevada Supreme Court has yet to weigh in on the issue. At present, "there are over fifty
7  cases pending before the Nevada Supreme Court that turn upon this very question." *Saticoy Bay LLC
8  v. Flagstar Bank, FSB*, No. 2:13-cv-1589-JCM-VCF (D. Nev. Feb. 28, 2014) (order granting motion
9  to stay). Though federal district courts can generally rule upon questions of state law, this power
10 becomes rather murky when there is no precedent from a state's highest court to assist in interpreting
11 novel statutes. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). This
12 difficulty is compounded further by the fact that Nevada has no intermediate appellate courts to
13 provide guidance before these questions reach the Nevada Supreme Court.

14 It is quite apparent that there is disagreement among Nevada's state and federal courts
15 regarding the interpretation of Nev. Rev. Stat. § 116.3116. Therefore, out of respect for Nevada's
16 sovereignty and interest in having its statutes interpreted by its own judges, the court finds it
17 appropriate to deny the instant motion without prejudice. The defendant is free to re-file the instant
18 motion upon a ruling by the Nevada Supreme Court as to whether a foreclosure of an HOA "super
19 priority" lien pursuant to Nev. Rev. Stat. § 116.3116 extinguishes an earlier deed of trust.

20 Accordingly,

21 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant CitiMortgage's
22 motion to dismiss (doc. # 9) be, and the same hereby is, DENIED without prejudice.

23 IT IS FURTHER ORDERED that the defendant shall have thirty (30) days from the entry
24 of a ruling from the Nevada Supreme Court on the question identified above to renew its motion to
25 dismiss.

26 DATED July 1, 2014.

*[signature]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -