UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LN MANAGEMENT LLC SERIES 7937 SIERRA RIM,<br><br>    Plaintiff(s),<br><br>    v.<br><br>BENJAMIN T. PFEIFFER, et al.,<br><br>    Defendant(s). | Case No. 2:13-CV-1934 JCM (PAL)<br><br>ORDER |

    Presently before the court is intervenor Federal National Mortgage Association ("Fannie Mae") and Federal Housing Finance Agency, as Conservator of Fannie Mae's (FHFA, or the "Conservator") motion for summary judgment. (ECF No. 63). Plaintiff LN Management LLC Series 7937 Sierra RIM filed a response. (ECF No. 70). Fannie Mae and FHFA filed a reply. (ECF No. 76).

    Plaintiff LN Management's complaint seeks declaratory relief and to quiet title for a property it obtained via a homeowners' association ("HOA") foreclosure sale. (ECF No. 1-1). Fannie Mae and FHFA intervened, arguing that the federal foreclosure bar invalidates the HOA sale. (ECF No. 63). Fannie Mae's answer to the complaint alleges, amongst other things, that Nevada Revised Statute 116.3116 is unconstitutional. (ECF No. 41 at 5).

    A party who files a pleading, written motion, or other paper drawing into question the constitutionality of a state statute must promptly "file a notice of constitutional question stating the question and identifying the paper that raises it, if . . . the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity . . . ." FED. R. CIV. P. 5.1(a)(1)(B). Additionally, FRCP 5.1 requires the court to "certify to the appropriate attorney

**James C. Mahan**
**U.S. District Judge**

general that a statute has been questioned" under 28 U.S.C. § 2403. FED. R. CIV. P. 5.1(b). Section 2403 states that the court "shall permit the [s]tate to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b).

In light of the foregoing rule and statute, the court will deny defendants' motion for summary judgment without prejudice to allow: (1) Fannie Mae to file a notice of constitutional question, (2) the court to comply, and (3) the attorney general to intervene. The parties may renew their motions after the attorney general has been afforded time to respond.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that intervenors Federal National Mortgage Association and Federal Housing Finance Agency's motion for summary judgment (ECF No. 63) be, and the same hereby, is DENIED without prejudice.

IT IS FURTHER ORDERED that defendant Federal National Mortgage Association shall promptly file a notice of constitutional question, pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(B).

IT IS FURTHER ORDERED that this court certifies to the Nevada attorney general that it may rule on the constitutionality of the state statute at issue in this case, NRS 116.3116. The attorney general shall have thirty (30) days within which to intervene on behalf of the state of Nevada for presentation of argument on the question of the constitutionality of the statute.

IT IS FURTHER ORDERED that the clerk of court shall send a copy of this order by certified mail to the Nevada attorney general.

IT IS FURTHER ORDERED that plaintiff LN management LLC Series 7927 Sierra RIM's motion for partial summary judgment against CitiMortgage, Federal National Mortgage Association, and Federal Housing Finance Agency (ECF No. 66) be, and the same hereby, is DENIED without prejudice.

DATED August 1, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -