UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LN MANAGEMENT LLC SERIES 7937 SIERRA RIM,<br><br>Plaintiff(s),<br><br>v.<br><br>BENJAMIN T. PFEIFFER, et al.,<br><br>Defendant(s). | Case No. 2:13-CV-1934 JCM (PAL)<br><br>**ORDER** |

Presently before the court is *LN Management LLC Series 7937 Sierra Rim v. Pfeiffer et al*, case number 2:13-cv-01934-JCM-PAL.

**I.  Facts**

This case arises out of a dispute over property located at 7927 Sierra Rim Dr., Las Vegas, NV 89131 ("the property"). The dispute centers around the effect of a homeowner's association foreclosure sale on a first deed of trust.

On September 25, 2013, plaintiff LN Management LLC Series 7937 Sierra Rim ("LN Management") filed a complaint in the Eighth Judicial District of Nevada. Plaintiff's complaint asserts claims for quiet title and declaratory relief. Plaintiff asserted its claims against the former homeowners, Benjamin and Sabrina Pfeiffer ("the Pfeiffers"), among others. Plaintiff never served the Pfeiffers with the complaint or any other document related to the instant action.

On October 22, 2013, defendant CitiMortgage, Inc. ("CMI"), filed a petition for removal. (ECF No. 1). Thereafter, for the next three years, the parties submitted to the court numerous motions, stipulations, and other filings. On May 5, 2015, Magistrate Judge Leen granted a stipulation to intervene filed by Federal Housing Finance Agency ("FHFA") and Federal National

**James C. Mahan**
**U.S. District Judge**

Mortgage Association's ("Fannie Mae"). On May 12, 2015, CMI filed counterclaims against plaintiff for quiet title, declaratory relief, and unjust enrichment. (ECF No. 18).[1] On July 14, 2015, Fannie Mae filed counterclaims against plaintiff for quiet title and declaratory relief. (ECF No. 41).[2] On July 28, 2015, FHFA filed counterclaims against plaintiff for quiet title and declaratory relief.[3] (ECF No. 49). On March 9, 2017, the court granted defendants and counterclaimants FHFA and Fannie Mae's motion for summary judgment on their claims for quiet title and declaratory relief. (ECF No. 100).

On July 5, 2017, the court issued an order to show cause as to why the court should not dismiss the action. (ECF No. 103). On July 12, 2017, defendant CMI filed its response. (ECF No. 104). CMI explained that the parties had to that point been unclear on the effect that the court's order granting defendant FHFA's motion for summary judgment (ECF No. 100) had on CMI and LN Management's claims. (ECF No. 104). CMI took the position that resolution of Fannie Mae and FHFA's claims necessarily meant that CMI was likewise entitled to summary judgment against plaintiff. *Id.* CMI asked the court to consider granting summary judgment *sua sponte*. *Id.*

Also on July 12, 2017, plaintiff filed its response to the order to show cause. (ECF No. 105). In plaintiff's response, it argues that the Ninth Circuit decision in *Weeping Hollow* holds that this court lacks subject matter jurisdiction over the action. *Id.* In the alternative, plaintiff states that if the court has jurisdiction to hear the case, that the court resolve the outstanding claims "so that the matter may conclude and the time invested by the Court, and the parties, isn't just for naught." *Id.* at 3.

---

[1] CMI also asserted counterclaims for declaratory relief and unjust enrichment against counterdefendant Elkhorn Community Association ("Elkhorn").

[2] Fannie Mae also asserted a counterclaim for declaratory relief against counterdefendant Elkhorn.

[3] FHFA also asserted a counterclaim for declaratory relief against counterdefendant Elkhorn.

On July 28, the court entered an order giving CMI seven days to respond plaintiff's claim that, pursuant to *Weeping Hollow*, the court lacks subject matter jurisdiction. (ECF No. 106). On August 4, CMI filed its response. (ECF No. 107).

**II.     Legal Standard**

"District courts unquestionably possess the power to enter summary judgment sua sponte." *Norse v. City of Santa Cruz*, 629 F.3d 966, 971 (9th Cir. 2010). In order to grant summary judgment sua sponte, the losing party must have "reasonable notice that the sufficiency of [its] claim will be in issue." *Id.* at 971–72 (citing *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008). "Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment." *Id.* at 972 (citing *Portsmouth Square, Inc. v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985)).

**III.    Discussion**

Plaintiff asserts that the Ninth Circuit decision in *Weeping Hollow* divests this court of subject matter jurisdiction over the instant dispute. Therefore, plaintiff continues, this court must remand the case to state court and accordingly vacate all prior orders in the case. CMI asserts that plaintiff fraudulently joined the Pfeiffers, and the court should therefore not consider them for purposes of determining whether diversity jurisdiction exists. Alternatively, CMI argues that the court should consider the Pfeiffers nominal defendants.

As an initial matter, the court will dismiss defendants Benjamin and Sabrina Pfeiffer from the action. Plaintiff has not attempted to serve the Pfeiffers in the instant action, and none of its briefings in the past three years make more than passing mention of the Pfeiffers.[4] Defendant CMI raised fraudulent joinder concerns and noted plaintiff's failure to serve the Pfeiffers as early

---

[4] LN Management's complaint references the Pfeiffers' former ownership of the property. It then uses the blanket term "defendants" several times in asserting superiority of title, and ends its general allegations by stating that LN Management cannot obtain title insurance on the property absent a ruling quieting title against all known defendants with legal or equitable interests in the property. Notably, discussion of the Pfeiffers and their interest in the property was otherwise absent from plaintiff's filings up until their July 12, 2017, response to the court's order to show cause.

as November 11, 2013, (ECF No. 4) (CMI's statement regarding removed action), and as recently as August 4, 2017 (CMI's response to the courts order to show cause).

The court noted plaintiff's failure to prosecute its claims in its July 5, 2017, order to show cause. (ECF No. 101). Plaintiff has received the adequate notice required by Federal Rule of Civil Procedure 4(m) of its failure to serve the Pfeiffers and the potential consequences of such failure. As plaintiff has not served plaintiff after years of litigation and multiple assertions that the Pfeiffers are not a proper party to the action, plaintiff's claims as against the Pfeiffers are hereby dismissed pursuant to Federal Rule of Civil Procedure 4(m).

The court will now consider whether subject matter jurisdiction exists on the facts presented. The court will then discuss whether CMI is entitled to summary judgment on plaintiff's claims and on CMI's counterclaims.

   *i.   Jurisdiction*

A federal court must possess jurisdiction over an action to hear the dispute. *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110, 1112. If a court determines at any time that it lacks subject matter over an action, it must dismiss or remand the case as appropriate. *See id.* at 1114 (reversing and remanding with instructions to remand the case to state court, as the district court lacked subject matter jurisdiction over the claims).

A court sitting in diversity may exercise "jurisdiction in cases between 'citizens of different States.'" *Id.* at 1112 (citing 28 U.S.C. § 1332(a)(1)). Diversity, in this context, requires "complete diversity." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Essentially, each plaintiff must be a citizen of a different state than each defendant. *Weeping Hollow*, 831 F.3d at 1112.

   *a.   Fraudulent joinder*

CMI's first argument that subject matter jurisdiction exists is premised on the conclusion that plaintiff fraudulently joined the Pfeiffers to the action in an attempt to defeat jurisdiction.

Fraudulent joinder is a mechanism by which a party may invoke diversity jurisdiction even when a plaintiff joins a non-diverse defendant. *Id.* at 1113. Under the doctrine of fraudulent joinder, a court considering whether diversity exists ignores a resident defendant "if the plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to

the settled rules of the state." *Id.* (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). "Any party invoking federal court jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against fraudulent joinder." *Id.* (citing *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)).

In *Weeping Hollow*, the plaintiff sued multiple defendants in Nevada state court, seeking to quiet title as to a piece of property. *Id.* at 1111. Two of the defendants were Wells Fargo Bank, N.A. ("Wells Fargo") and the former homeowner. Defendant Wells Fargo removed the action to federal court. *Id.* Because the pleadings included a non-diverse defendant, the former homeowner, defendant Wells Fargo sought to establish diversity jurisdiction pursuant to the fraudulent joinder doctrine. *Id.* at 1113. By the time the lower court entered judgment in favor of Wells Fargo, plaintiff had not served a summons on the former homeowner. *Id.* at 1114.

The Ninth Circuit held that Wells Fargo had not met its burden for demonstrating fraudulent joinder. *Id.* The plaintiff could articulate a colorable claim against the former homeowner for quiet title, as the former homeowner could potentially bring an equitable claim for quiet title under state law within five years of the foreclosure sale. *Id.* at 1113–14 (citing *Long v. Towne*, 98 Nev. 11, 639 P.2d 528, 530 (1982). Further, as the lower court had granted summary judgment in favor of Wells Fargo before the time to serve all defendants had expired, the Ninth Circuit dismissed Wells Fargo's arguments regarding lack of prosecution. *Id.* at 1114. As complete diversity was thus lacking, the Ninth Circuit directed the lower court to remand the case to state court. *Id.*

Here, CMI has not met its burden of establishing fraudulent joinder. Plaintiff included the Pfeiffers in its complaint as defendants. (ECF No. 1-1). Pursuant to *Long*, the Pfeiffers could have asserted an equitable claim for relief against planitiff. 639 P.2d at 530. Thus plaintiff's complaint did not fail to state a cause of action against the Pfeiffers. *Weeping Hollow*, 831 F.3d at 1113–14.

b. *Nominal defendants*

Similarly to fraudulently joined defendants, nominal defendants are not considered for purposes of determining diversity jurisdiction. *See Securities & Exchange Commission v. Colello*,

139 F.3d 674, 676 (9th Cir. 1998). "A nominal defendant is a person who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there is no dispute." *Id.* (quoting *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)). A "nominal defendant has no legitimate claim to the disputed property." *Id.* Examples include trustees, agents, and depositaries, "joined purely as a means of facilitating collection." *Id.* (quoting *Cherif*, 933 F.2d at 414). As there is in fact no claim against a nominal defendant, "it is unnecessary to obtain subject matter jurisdiction over [it] once jurisdiction of the defendant is established." *Id.* (quoting *Cherif*, 933 F.2d at 414).

In the present case, CMI has not established that the Pfeiffers are nominal defendants. The Pfeiffers interest in the property was not technical. Even after the foreclosure sale, the Pfeiffers could have sued on equitable grounds to recover their home. *See Weeping Hollow*, 831 F.3d at 1113–14. And plaintiff's decision to join the Pfeiffers to the action was not for the purpose of having the Pfeiffers perform the ministerial act of conveying title in the event that plaintiff prevailed on its claims. Therefore, the court cannot exclude the Pfeiffers' citizenship for purposes of diversity based on a theory that they are nominal defendants.

   *c. Other considerations*

A lack of diversity jurisdiction at the time of removal almost always requires remand to the state court. However, the Supreme Court in *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) has noted a very limited exception whereby the course of litigation can affect the jurisdictional analysis. *See also Caterpillar v. Lewis*, 519 U.S. 61 (1996); *Henok v. JPMorgan Chase Bank, N.A.*, 106 F. Supp. 3d 1, 5 (D.D.C. 2015) ("*Caterpillar* involved an application of a long-recognized 'exception to the time-of-filing rule' that applies in diversity cases; that exception allows a 'jurisdictional defect [to be] cured by the dismissal of the party that had destroyed diversity.'").

In *Newman-Green*, the district court granted summary judgment for the plaintiffs. 490 U.S. at 828–29. On appeal, the court of appeals recognized that the parties lacked complete diversity, and remanded to the district court to determine whether dismissal of the non-diverse party was proper. *Id.* The Supreme Court held that the district court possessed jurisdiction to hear

the action upon dismissal of the non-diverse defendant, even though the non-diverse defendant's presence at the time of removal violated the requirement of complete diversity. *Id.* "[R]equiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention." *Id.* at 836.

Notwithstanding defendant CMI's failure to establish that the Pfeiffers were fraudulently joined or were nominal defendants, the court finds that jurisdiction exists on the facts presented. Although a jurisdictional defect may normally be raised at any time during a course of proceedings, and a lack of complete diversity requires the case be dismissed or remanded to state court, the facts presented here are sufficient to qualify for the limited exception articulated in *Newman-Green*.

The course of litigation in this case shows that all parties operated on the assumption that the Pfeiffers would not be asserting an interest in the property. Plaintiff failed to prosecute their claims against the non-diverse party (the Pfeiffers) for almost four years. It never served the Pfeiffers, who should have been dismissed from the action years ago pursuant to Federal Rule of Civil Procedure 4(m). As the court previously noted, all parties seemed to operate under the belief that the Pfeiffers were not properly joined to the action, and litigated accordingly up through the court's summary judgment decision in favor of Fannie Mae, FHFA, and, by implication, CMI.

The interests of finality in the present case are of paramount concern to the court. *See Newman-Green*, 490 U.S. at 836. Plaintiff did not raise a diversity concern until an adverse summary judgment ruling that effectively ended the action. Plaintiff raises the jurisdictional question as a way to obtain a do-over in state court by unwinding an all-but-complete action. Both sides mention in their recent filings with the court that they have spent considerable time and effort litigating this case. (ECF Nos. 104, 105). They both seek a resolution on their quiet title claims. Complete diversity did not exist at the time of removal, but the court nonetheless finds that it can properly exercise jurisdiction over the instant action. *See id.* at 828–29.

    *ii.    Sua sponte summary judgment*

On March 9, 2017, the court granted FHFA and Fannie Mae's motion for summary judgment on their claims for quiet title and declaratory relief. As CMI accurately reiterates in its recent filings, its interest in the property comes through its servicing agreement with FHFA and

Fannie Mae. Therefore, summary judgment in favor of CMI necessarily follows from judgment in favor of FHFA and Fannie Mae.

Plaintiff had reasonable notice that the sufficiency of its claim was in issue. On FHFA and Fannie Mae's motion for summary judgment, plaintiff was afforded adequate opportunity to develop the record and faced the exact same arguments regarding superiority of title to the property. *Cf. Norse*, 966, 972 (sua sponte summary judgment improper when the losing party was given inadequate opportunity to develop facts prior to sua sponte grant of summary judgment). Thus, the court may (and will) grant summary judgment in favor of CMI and against plaintiff on CMI's claims for quiet title and declaratory relief. *See id.* at 971. Summary judgment in favor of CMI on plaintiff's claims for quiet title and declaratory relief is proper for the same reason. Further, as CMI accurately notes in its joint status report (ECF No. 102 at 2–3), CMI's third and fourth causes of action for unjust enrichment, which were pled in the alternative, are thus moot.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants Benjamin and Sabrina Pfeiffer are DISMISSED from the instant action.

IT IS FURTHER ORDERED that summary judgment is entered in favor of CMI and against LN Management on CMI's claims for quiet title and declaratory relief.

IT IS FURTHER ORDERED that summary judgment is entered in favor of CMI and against LN Management on LN Management's claims for quiet title and declaratory relief.

IT IS FURTHER ORDERED that the parties shall submit, within sixty (60) days of the filing of this order, a proposed final judgment, consistent with the foregoing.

DATED September 20, 2017.

_____
UNITED STATES DISTRICT JUDGE